# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MAGGIE AMADOR, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY and DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | 2:09-cv-2143-LDG-PAL<br><br>**ORDER** |

    Plaintiff, Maggie Amador, brought an action in Nevada State Court seeking damages from Defendant, American Family Mutual Insurance, for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the unfair claims practices act. American Family then removed the case to federal court. Amador now petitions to remand the action because American Family failed to present evidence establishing the court's subject matter jurisdiction (#8, #9). Accordingly, the court will grant the motion to remand.

    A defendant may remove any civil action brought in a state court to the district court of the United States if the district court would have original jurisdiction for the action. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction when the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). The removal statue is strictly construed and federal jurisdiction must be

rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In suits that were originally brought in state court and then removed there is "a strong presumption" against removal jurisdiction. *Id.*

The defendant bears the burden of proving that the amount in controversy meets the jurisdictional amount when the amount of damages the plaintiff is seeking are unclear. *Id.* The defendant cannot simply make an accusation that the plaintiff's damages meet the standard. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Instead, he must demonstrate that "more likely than not" the plaintiff's damages will meet the jurisdictional amount requirement. *Id.* When doubt exists regarding the right to removal, a case should be remanded to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

American Family argues that the amount in controversy in this case meets the jurisdictional amount because Nevada law allows for unlimited punitive damages against an insurer that acts in bad faith. NRS 42.005(2)(b). Although punitive damages can be included to satisfy the jurisdictional amount, the defendant must produce evidence that demonstrates that the plaintiff is entitled to recover punitive damages that would meet the jurisdictional amount. *See Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 240 (1943). Further, when the amount of punitive damages the plaintiff is seeking is unclear, as it is in this case, the defendant must establish the probable amount of punitive damages. *See Matheson*, 319 F.3d at 1090.

"Conclusory allegations as to the amount in controversy are insufficient" to establish the jurisdictional amount. *Id.* at 1090-91. The Ninth Circuit requires defendants to present evidence concerning jurisdictional determinations to be grounded on a factual basis, similar in quality to "summary judgment-type evidence." *Id.* at 1090. The defendant's evidence does not need to predict the eventual award with absolute accuracy; the defendant only needs to establish that the punitive damages have the potential to raise the amount in controversy above the jurisdiction requirement. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)

1   American Family has failed to produce any evidence of the probable value of the punitive
2   damages Amador is seeking. Instead, American Family has chosen to repeatedly emphasize that
3   because Nevada does not limit the amount of punitive damages, American Family is "surely
4   expose[d] … to an amount in excess of $75,000". (Doc. #9 at 4). Without any evidence
5   establishing the probable value of the punitive damages, American Family has failed to prove that
6   the punitive damages in this case will rise above the jurisdictional amount.

7   Additionally, American Family has failed to provide evidence that Amador's actual
8   damages will rise above $75,000. In establishing the amount in controversy, defendants may use
9   settlement demand letters from the plaintiffs as evidence, if the demand letter reflects a reasonable
10  estimate of the plaintiff's claim. *See, e.g. Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.
11  2002); *Singer v. State Farm Mut. Auto*, 116 F.3d 373, 376-377 (9th Cir. 1997). Although
12  settlement letters are not determinative of the amount in controversy, they "count[] for something"
13  because it is an indication of the plaintiff's valuation of her case. *Cohn*, 281 F.3d at 840. In this
14  case, Amador's settlement demand letter was for $25,000.00, far below the jurisdictional amount.
15  Although American Family correctly points out that the settlement letter cannot determinatively
16  establish the amount in controversy, the settlement letter would seem to indicate that the amount in
17  controversy will not meet the jurisdictional amount.

18  Therefore, without anything more than the allegation that the punitive damages in this case
19  may approach some undeterminable, infinite value, American Family has not met its burden to
20  establish that the actual and punitive damages in this case will rise above the jurisdictional amount
21  of $75,000.

22      / / /
23
24      / / /
25      / / /
26

3

1     Therefore, based on the foregoing,

2 THE COURT ORDERS that Plaintiff's motion to remand (#8) is GRANTED.

3     DATED this 29 day of July, 2010.

```
                                        _____
                                        Lloyd D. George
                                        United States District Judge
```